IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAUREN ABRAMS,<br><br>                        Plaintiff,<br><br>v.<br><br>DICK'S SPORTING GOODS, INC. and/or JOHN DOE, INC. #1-5 (fictitious name), JOHN DOE STORE EMPLOYEE #1-5 (fictitious name) and/or JOHN DOE STORE MANAGER #1-5 (fictitious name), individually, jointly, severally and/or in the alternative<br><br>                        Defendants. | CIVIL ACTION NO. 1:22-cv-5584 |
| LAUREN ABRAMS,<br><br>Plaintiff,<br><br>v.<br><br>DICK'S SPORTING GOODS, INC. and/or JOHN DOE, INC. #1-5 (fictitious name), JOHN DOE STORE EMPLOYEE #1-5 (fictitious name) and/or JOHN DOE STORE MANAGER #1-5 (fictitious name), individually, jointly, severally and/or in the alternative<br><br>Defendants. | Superior Court of New Jersey<br>Law Division, Camden County<br><br>Civil Part Docket No. CAM-L-000340-22 |

**NOTICE OF REMOVAL OF DEFENDANTS**

Defendant, Dick's Sporting Goods, Inc. (DSG), by and through counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of removal of the above-captioned matter

from the Superior Court of New Jersey, Camden County, Civil Part Docket No. CAM-L-000340-22. In support of this Notice of Removal, DSG shows this Court the following.

1. This case arises out of alleged personal injuries suffered by Plaintiff as a result of the purchase by Plaintiff's mother of "improper spikes for vaulting." (Compl. ¶ 2.) A copy of the Complaint is attached hereto as Exhibit A.

2. The Complaint was filed in Camden County, New Jersey which is a county included in the jurisdiction of the United States District Court for the District of New Jersey.

3. DSG was served with the Summons and Complaint on August 17, 2022. A copy of the Affidavit of Service is attached hereto as Exhibit B.

4. This removal is timely as it was filed within 30 days after Defendant was served with the Civil Summons and Complaint. 28 U.S.C. § 1446(b)(1).

5. A Federal District Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States." 28 U.S.C. § 1332(a)(1).

6. The instant Notice of Removal is being filed because this Court has original jurisdiction over this matter as fully set forth below.

7. Plaintiff's Complaint states that she resides at 105 Renaissance Drive, Cherry Hill, New Jersey. (Compl. p.1.)

8. Upon information and belief, Plaintiff intends to remain in New Jersey indefinitely and, therefore, is domiciled in New Jersey.

9. "An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain." *Hersh v. Rellahan*, 325 F. Supp. 3d 613, 617 (E.D. Pa. 2018) citing *Washington v. Hovensa LLC*, 652 F. 3d 340, 344 (3d Cir. 2011).

10. As Plaintiff is domiciled in New Jersey, she is a citizen of New Jersey for purposes of analyzing the diversity of citizenship in this action.

11. Defendant, Dick's Sporting Goods, Inc. (DSG) is incorporated in Delaware with its principal place of business in Pennsylvania.

12. DSG is, therefore, a citizen of Delaware and Pennsylvania.

13. DSG is not a citizen of New Jersey.

14. As no Defendant is a citizen of the same state as the Plaintiff, i.e., New Jersey, complete diversity exists in this case.

15. Plaintiff's Complaint alleges that she sustained "severe personal injuries, has been and in the future will be caused to undergo great pain and suffering, has been and in the future will be prevented from pursuing her usual duties and occupation and has been and in the future will be caused to expend large sums of money for medical care and attention in and about endeavoring to cure herself of her said injuries." (Compl. ¶ 4.)

16. Given the allegations regarding the severe, permanent, and ongoing nature of Plaintiff's injuries and damages, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

17. This Court, therefore, has original jurisdiction pursuant to 28 U.S.C. § 1332(a) as there is complete diversity of citizenship between the Plaintiff and Defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

18. This Notice of Removal is being served on Plaintiff's counsel via U.S. Mail.

19. DSG will promptly file a copy of this Notice of Removal with the Clerk of Court of the Superior Court of New Jersey, Camden County.

20. All State Court filings other than the ones previously listed as Exhibits in this Notice of Removal are being e-filed with this Notice as Appendices.

WHEREFORE, this action is hereby removed from the Superior Court of New Jersey, Camden County to the United States District Court for the District of New Jersey.

This the 16th day of September, 2022.

                                  MARSHALL DENNEHEY WARNER
                                  COLEMAN & GOGGIN

By:   /s/Kimberly A. House
       Kimberly A. House
       N.J. Attorney Id. 002632012
       2000 Market Street, Suite 2300
       Philadelphia, PA  19103
       (215) 575-2867
       kahouse@mdwcg.com
       *Counsel for Dick's Sporting Goods, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have served upon all persons listed below a true and correct copy of the Notice of Removal in the above-captioned matter this date by U.S. Mail.

Thomas F. Flynn, III, Esquire
Flynn & Associates, P.C.
2000 Academy Drive, Suite 200
Mount Laurel, NJ 08054
*Counsel for Plaintiff*

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

By:    /s/Kimberly A. House_____
       Kimberly A. House

Dated: September 16, 2022